UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| This document relates to: | |
| *Coward v. L. Perrigo Company, Inc.*, C05-1126 | |

This matter comes before the court on a motion by defendant Procter & Gamble Pharmaceuticals to dismiss, strike or in the alternative for summary judgment, and on plaintiff William Coward's motion for remand and his putative motion to substitute. Having considered the parties' briefs filed in support of and opposition to these respective motions the court finds and rules as follows.

I.   BACKGROUND

On October 25, 2004 plaintiff William Coward filed his complaint in Florida state court. Plaintiff attempted – but failed – to properly serve P&G by serving the Florida Secretary of State in November 2004 and serving P&G notice of that putative service 94 days later. Defendant asserts that it has yet to be

ORDER
Page – 1 –

properly served. The case was eventually removed to federal court and transferred to this MDL on July 5, 2005.

According to his complaint, Coward suffered a stroke in February 1998 after ingesting two PPA-containing over-the-counter medications, Tussin CF and Vick's DayQuil, allegedly purchased at a Publix Super Market and a Winn-Dixie Store.

## II. DISCUSSION

### A. Effect of Automatic Stay in Winn-Dixie Bankruptcy Proceedings

The threshold question presented is whether the automatic stay entered in Winn-Dixie's Chapter 11 bankruptcy proceedings precludes action by this court in the instant case.

11 U.S.C. § 362(a)(1) provides for an automatic stay of "the commencement or continuation . . . of a judicial . . . proceeding against the debtor." Aside from Winn-Dixie, the parties unanimously agree that the stay should not preclude rulings on the motions pending in this case. They first assert, correctly, that this court has jurisdiction to determine whether the stay applies. *See Lockyer v. Mirant Corp*., 398 F.3d 1098 (9th Cir. 2005).

P&G Pharmaceuticals further asserts that as a "sham" defendant joined solely in an attempt to defeat diversity, Winn-Dixie's status as a bankrupt party has no effect on the proceedings before this court. Defendant argues that since "nominal defendants" do not influence a court's rulings on other issues, including questions of diversity jurisdiction, such defendants

ORDER
Page - 2 -

also should have no import on the court's determination of whether the bankruptcy stay applies in this case. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). Defendant also reasons that the main purposes of the automatic stay – to allow a debtor a "breathing spell" and to prevent concurrent and inconsistent judgments against the bankruptcy estate – would not be compromised by a ruling on the motions before the court, the stay need not apply.

Only Winn-Dixie submits that the stay precludes a ruling from this court. Its arguments, however, are largely conclusory, asserting only generally that the stay statute should be construed broadly. Winn-Dixie presents no cases that are directly on point with the instant one. Perhaps most importantly, Winn-Dixie concedes that the court may, under narrow circumstances, take action, concluding that "[i]f the other parties to the MDL action wish to proceed with the action, Winn-Dixie must be dropped as a party." Response of Winn-Dixie at 4.

Although the parties have not moved for Winn-Dixie's dismissal, a finding that the party is "nominal" only is the functional equivalent thereof. *See, e.g., Campbell v. Bayer Corporation,* C03-2708, Order Granting Defendant Double Quick Inc.'s Motion to Dismiss, July 26, 2005. As discussed below, Sec. II.B., the court finds that the bankrupt party to this case, Winn-Dixie, was fraudulently joined in an effort to defeat diversity. As a "nominal defendant," therefore, Winn-Dixie's automatic stay does not apply to the case before this court.

ORDER
Page – 3 –

B.  <u>Motion for Remand</u>

Having found that the automatic stay does not preclude a ruling on the motions before it, the court will first consider plaintiff's motion to remand, as it involves the question of the court's jurisdiction over this case.

Plaintiff argues that remand is proper first because not all defendants timely joined in the petition for removal, as required by 28 U.S.C. § 1441, and second because the parties are not completely diverse. In this case, retail defendants Publix and Winn-Dixie both reside – like plaintiff – in the state of Florida.

In response to both arguments, defendant submits that the two resident defendants were fraudulently joined – joined, that is, for no reason other than to defeat diversity. A plaintiff cannot defeat federal jurisdiction by fraudulently joining a non-diverse party. Under the Ninth Circuit standard, joinder of a non-diverse party is deemed fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Plaintiff claims it has stated claims of negligence and strict products liability against Publix and Winn-Dixie. The court finds, however, that plaintiff has failed to state viable claims against those defendants, who are therefore deemed "fraud-

ORDER
Page – 4 –

1 ulent" and insufficient to defeat diversity in this case.

2 First, defendant has submitted an affidavit supporting 3 Publix's position that it did not know, and had no reason to 4 know, of the dangers of PPA. *See* Affidavit of Marc Salm at 2. 5 Such reasonable knowledge is an element of plaintiff's negligence 6 and products liability claims, without which they cannot succeed. 7 Defendant has also submitted evidence that plaintiff has failed 8 to lodge his claims in Winn-Dixie's bankruptcy proceedings, 9 precluding any recovery whatsoever from that defendant.

10 Although plaintiff makes generalized claims as to the 11 retailer defendants' liability, his complaint is devoid of any 12 details supporting the conclusion that those defendants knew or 13 should have known about the dangers of PPA. Failing to file a 14 reply, plaintiff has produced no evidence contradicting the 15 parties' factual assertions.

16 Moreover, many of plaintiff's specific allegations as to 17 manufacturer defendants' fraud and failure to warn logically 18 preclude a finding of knowledge – and therefore of negligence or 19 other liability – on the part of the retailers. In the past this 20 court has found that this logical disconnect supports a finding 21 that retailer defendants were fraudulently joined. See *McQuirter* 22 *v. Chattem, Inc., et al.*, No. C02-426R, Order Denying Plaintiff's 23 Motion to Remand at 6 ("[Allegations against the manufacturer 24 defendants] directly undermine and contradict the idea that 25 [retailer defendant] had knowledge or reason to know of alleged 26 defects.").

1   In sum, the court finds that one could not reasonably read
2 the complaint to assert causes of action against the only resi-
3 dent defendants, Publix and Winn-Dixie. Such defendants are
4 therefore deemed fraudulently joined. Plaintiff's motion to
5 remand is denied.

6   C.   <u>Motion for Summary Judgment</u>

7   Defendant's summary judgment motion relies on the simple
8 assertion that it had no involvement in the manufacture, market-
9 ing or distribution of the medications plaintiff alleges are
10 related to his injuries. P&G Pharmaceuticals submits that Procter
11 & Gamble Distributing Company, a related but separate entity,
12 produced Vick's DayQuil. As P&G Pharmaceuticals points out, the
13 Procter & Gamble Company – the parent company of both the above-
14 named entities – has dozens of subsidiaries, a fact that was
15 publicly known at the time plaintiff filed suit.

16   In his response, plaintiff submits as evidence only a copy
17 of the Physicians Desk Reference, which refers to "Procter &
18 Gamble" as manufacturer of Vick's DayQuil. Plaintiff does not
19 directly dispute that P&G Pharmaceuticals was not involved in
20 production of the medications at issue, address the distinction
21 between P&G Pharmaceuticals and P&G Distributing, or otherwise
22 present evidence that would support holding one entity liable for
23 the alleged actions of the other. Instead, he repeatedly refers
24 to "Procter & Gamble" as if it were a single entity, conflating
25 P&G Pharmaceuticals, which he named in the complaint, with P&G
26 Distributing, which is concededly responsible for the manufacture

1 and distribution of the medicine at issue. He falls far short,
2 therefore, of meeting his burden of demonstrating that there is a
3 genuine issue of material fact in this case as it relates to P&G
4 Pharmaceuticals. Summary judgment as to P&G Pharmaceuticals is
5 therefore appropriate and is hereby granted. P&G Pharmaceuticals
6 is dismissed.

7 B.   <u>Motion to Amend</u>

8      In his response to the motion for summary judgment plaintiff
9 embeds an alternative "Motion for Substitution of Parties."
10 Plaintiff asks the court to substitute P&G Pharmaceuticals with
11 P&G Distributing Company, the company admittedly involved in the
12 production of the medications allegedly related to plaintiff's
13 stroke.

14     Defendant objects to plaintiff's request that the court
15 allow the amendment, relying on the standard under Fed. R. Civ.
16 P. 15(a) and Ninth Circuit law that although such amendment be
17 freely granted, amendment should not be allowed where there is
18 undue delay, prejudice, or bad faith, or where the proposed
19 amendment would be futile. *See, e.g., Bonin v. Calderon*, 59 F.3d
20 815, 845 (9th Cir. 1995). Defendant asserts that the delay was
21 undue because plaintiff (or his counsel) has long known of the
22 distinction between the two P&G entities, and knew that P&G
23 Distributing (and not P&G Pharmaceuticals) manufactured Vick's
24 DayQuil, yet has failed until now to attempt to name the proper
25 party. Defendant further claims prejudice resulting from the fact
26 that plaintiff's injury occurred approximately seven and a half

ORDER
Page - 7 -

years ago, and that the statute of limitations on his claims have run. For this reason, also, defendant asserts that plaintiff's proposed amendment would be futile, as his claims would be immediately dismissed on statute of limitations grounds.

Plaintiff does not address defendant's assertion that his delay in seeking to substitute the proper party is undue, and makes no explanation therefor. Plaintiff also does not dispute that the statute of limitations has run on his claims against P&G Distributing, but submits that the court should allow those claims to relate back to the time of the filing of her original complaint. Where the claims arise out of the same conduct or occurrence, an amendment to a complaint may relate back to the date of original filing where the substituted party: (1) had notice of the institution of the original action; (2) will not suffer undue prejudice resulting from the delay; and (3) is aware that but for plaintiff's mistake, it should have been named in the original complaint. Fed. R. Civ. P. 15(c).

According to Fed. R. Civ. P. 15(c)(3), an amendment can only relate back to the original complaint where notice is received "within the period provided by Rule 4(m) for service of the summons and complaint." As this court has ruled in a case involving nearly identical service abnormalities, notice in this case was inadequate and untimely under Fed. R. Civ. P. 4(m). *See Conner v. Bayer Corp.*, C05-76, Order Denying Defendant's Motion to Dismiss at 3, July 5, 2005. Plaintiff's bald assertion that P&G Distributing had notice of the pending lawsuit against P&G

ORDER
Page - 8 -

1 Pharmaceuticals because both entities are represented by the same
2 law firm is an inadequate response given the plain language of
3 the rule. His failure to effect timely and proper notice is fatal
4 to his motion to amend, which is therefore denied.
5      For the foregoing reasons, defendant P&G Pharmaceuticals'
6 motion for summary judgment is GRANTED. Plaintiff's motion for
7 substitution is DENIED.

9      DATED at Seattle, Washington this 5th day of December,
10 2005.

                                  _____
                                  BARBARA JACOBS ROTHSTEIN
                                  UNITED STATES DISTRICT JUDGE