UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| This document relates to: *Coward v. L. Perrigo Company, Inc.*, C05-1126 | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; STRIKING THE DECEMBER 5, 2005 ORDER; AND GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the court on plaintiff William Coward's motion for reconsideration of the Order Denying Plaintiff's Motion to Remand and Granting Defendant's Motion for Summary Judgment. The December 5, 2005 order found, *inter alia*, that retailer defendants Publix Super Markets, Inc. and Winn Dixie Stores, Inc. – both, like plaintiff, Florida residents – had been fraudulently joined, as plaintiff had failed to state valid claims against either. The court held that complete diversity therefore existed in this matter and denied plaintiff's motion to remand. Having reviewed the briefs submitted in response to this motion, the court finds and rules as follows:

In the briefing on the motion to remand, plaintiff's arguments came up woefully short. In his opening brief, plaintiff

ORDER
Page – 1 –

submitted in a conclusory and unconvincing fashion only that "[p]laintiff has properly alleged strict liability and negligence claims against Defendants Publix and Winn-Dixie." Pl. Br. at 8. More derelict still, plaintiff failed to submit any brief at all in reply to defendants' response.

The court notes the seeming inequity in allowing plaintiff a second bite at the remand apple. The standard for reconsideration is set high, and only a showing of new facts or law or demonstration of manifest error will prevail. Nevertheless, upon second examination, the court finds that plaintiff's motion for reconsideration has merit. Plaintiff argues that he has stated facially adequate claims against the retailer defendants, as under Florida law strict liability adheres to all entities in the chain of commerce of a defective product. *See Samuel Friedland Family Enter. v. Amoroso*, 630 So.2d 1066, 1068 (Fla. 1994). Therefore, the court's earlier finding that the retailer defendants had no knowledge, or reason to know, of the alleged dangers of PPA does not eviscerate plaintiff's strict liability claims.

Finding that plaintiff's claims are facially valid, the court must now (as it did not in the original order) evaluate whether the four-year statute of limitations is, at this stage, an obvious bar to plaintiff's ability to recover from the retailers, thereby rendering their joinder fraudulent. The court finds that it is not. Plaintiff suffered his injury in February 1998, and filed his claims on October 22, 2004. Plaintiff argues, however, that he should benefit from the so-called discovery

ORDER
Page - 2 -

Case 2:05-cv-01126-BJR   Document 65   Filed 02/14/06   Page 3 of 4

rule, and that his claims did not accrue until November 6, 2000, the date of the FDA health advisory warning of the potential dangers of PPA. Under that rule, "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *Hearndon v. Graham,* 767 So.2d 1179, 1184 (Fla. 2000).

The court finds that the plaintiff has met his burden of establishing a possibility of prevailing on the merits of his claims against the retailers. While the parties naturally disagree as to whether plaintiff should have known prior to November 6, 2000 of his cause of action, the court is not ruling on the ultimate merits of defendants' statute of limitations defense, but is, at this stage, determining whether there is a possibility that plaintiff filed his claims within the requisite time. *See Albi v. Street & Smith Publications,* 140 F.2d 310, 312 (9th Cir. 1944) (finding standard for finding of fraudulent joinder is not whether plaintiff will prevail, but whether there is a "possibility" of success on the merits). The statute of limitations does not, therefore, render the retailers fraudulently joined defendants.

Finally, the court notes its authority to rule on the motion to remand, despite any stay in effect pursuant Winn Dixie's bankruptcy proceedings. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319 (M.D. Fla. 2003); *see also In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has juris-

ORDER
Page - 3 -

1  diction to determine [] its own jurisdiction.").

2      For the foregoing reasons, the court hereby STRIKES its
3  December 5, 2005 Order Denying Plaintiff's Motion to Remand and
4  Granting Defendant's Motion for Summary Judgment. The court
5  GRANTS plaintiff's motion to remand; this matter is hereby
6  remanded to the Circuit Court of Duval County, Florida.

7      DATED at Seattle, Washington this 14th day of February,
8  2006.

 *[signature: Barbara J. Rothstein]*

10  BARBARA JACOBS ROTHSTEIN
11  UNITED STATES DISTRICT JUDGE