UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br> _____ <br><br> This document relates to: <br><br> *Coward v. L. Perrigo Company, Inc.*, C05-1126 | MDL NO. 1407 <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; STRIKING THE DECEMBER 5, 2005 ORDER; AND GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the court on plaintiff William Coward's motion for reconsideration of the Order Denying Plaintiff's Motion to Remand and Granting Defendant's Motion for Summary Judgment. The December 5, 2005 order found, *inter alia*, that retailer defendants Publix Super Markets, Inc. and Winn Dixie Stores, Inc. – both, like plaintiff, Florida residents – had been fraudulently joined, as plaintiff had failed to state valid claims against either. The court held that complete diversity therefore existed in this matter and denied plaintiff's motion to remand. Having reviewed the briefs submitted in response to this motion, the court finds and rules as follows:

In the briefing on the motion to remand, plaintiff's arguments came up woefully short. In his opening brief, plaintiff

ORDER
Page – 1 –

1 submitted in a conclusory and unconvincing fashion only that
2 "[p]laintiff has properly alleged strict liability and negligence
3 claims against Defendants Publix and Winn-Dixie." Pl. Br. at 8.
4 More derelict still, plaintiff failed to submit any brief at all
5 in reply to defendants' response.

6 The court notes the seeming inequity in allowing plaintiff a
7 second bite at the remand apple. The standard for reconsideration
8 is set high, and only a showing of new facts or law or demonstra-
9 tion of manifest error will prevail. Nevertheless, upon second
10 examination, the court finds that plaintiff's motion for recon-
11 sideration has merit. Plaintiff argues that he has stated fa-
12 cially adequate claims against the retailer defendants, as under
13 Florida law strict liability adheres to all entities in the chain
14 of commerce of a defective product. *See Samuel Friedland Family*
15 *Enter. v. Amoroso*, 630 So.2d 1066, 1068 (Fla. 1994). Therefore,
16 the court's earlier finding that the retailer defendants had no
17 knowledge, or reason to know, of the alleged dangers of PPA does
18 not eviscerate plaintiff's strict liability claims. The court
19 finds that plaintiff has made a facially viable strict liability
20 claim against the retailers in this case, a fact that defendants
21 cannot and have not disputed.[1]

---

[1] Defendant Procter & Gamble ("P&G") asks the court to inquire into plaintiff's counsel's subjective intent in joining the retail defendants in this case, as indicated by his representation of plaintiffs in other PPA cases. P&G fails to show that counsel's subjective intent in this case, or his actions in other cases, have any probative value where, as here, plaintiff has alleged facially viable claims.

Page – 2 –

1    Finding that plaintiff's claims are facially valid, the
2 court must now (as it did not in the original order) evaluate
3 whether the four-year statute of limitations is, at this stage,
4 an obvious bar to plaintiff's ability to recover from the retail-
5 ers, thereby rendering their joinder fraudulent. The court finds
6 that it is not. Plaintiff suffered his injury in February 1998,
7 and filed his claims on October 22, 2004. Plaintiff argues,
8 however, that he should benefit from the so-called discovery
9 rule, and that his claims did not accrue until November 6, 2000,
10 the date of the FDA health advisory warning of the potential
11 dangers of PPA. Under that rule, the limitations period runs
12 "from the date that the facts giving rise to the cause of action
13 were discovered, or should have been discovered with the exercise
14 of due diligence." Fla. Stat. Ann. § 95.031(2)(b); *see also*
15 *Hearndon v. Graham,* 767 So.2d 1179, 1184 (Fla. 2000)("cause of
16 action does not accrue until the plaintiff either knows or
17 reasonably should know of the tortious act giving rise to the
18 cause of action.").
19    The court finds that the plaintiff has met his burden of
20 establishing a possibility of prevailing on the merits of his
21 claims against the retailers. Defendants ask the court to impose
22 a summary judgment standard at this phase of litigation. (*See*
23 P&G's response at 5, citing *University of Miami v. Bogorff*, 583
24 So. 2d 1000 (Fla. 1991), ruling on summary judgment). While the
25 parties naturally disagree as to whether plaintiff should have
26 known prior to November 6, 2000 of his cause of action, however,

ORDER
Page - 3 -

1 the court is not ruling on the ultimate merits of defendants'
2 statute of limitations defense. At this stage, the question is
3 whether there is a possibility that plaintiff filed his claims
4 within the requisite time. *See Albi v. Street & Smith Publica-*
5 *tions,* 140 F.2d 310, 312 (9th Cir. 1944) (finding standard for
6 finding of fraudulent joinder is not whether plaintiff will
7 prevail, but whether there is a "possibility" of success on the
8 merits). The statute of limitations does not, therefore, render
9 the retailers fraudulently joined defendants.

10     Finally, the court notes its authority to rule on the motion
11 to remand, despite any stay in effect pursuant Winn Dixie's
12 bankruptcy proceedings. *See Diebel v. S.B. Trucking Co.*, 262 F.
13 Supp. 2d 1319 (M.D. Fla. 2003); *see also In re Baldwin-United*
14 *Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in
15 which the litigation claimed to be stayed is pending has juris-
16 diction to determine [] its own jurisdiction.").

17     For the foregoing reasons, the court hereby STRIKES its
18 December 5, 2005 Order Denying Plaintiff's Motion to Remand and
19 Granting Defendant's Motion for Summary Judgment. The court
20 GRANTS plaintiff's motion to remand; this matter is hereby
21 remanded to the Circuit Court of Duval County, Florida.

22     DATED at Seattle, Washington this 9th day of March, 2006.

25     BARBARA JACOBS ROTHSTEIN
26     UNITED STATES DISTRICT JUDGE